## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IAN JOBE AND CATHERINE JOBE, | : CIVIL NO. 3:10-cv-1710 |
| | : |
| *Plaintiffs*, | : (JUDGE A. RICHARD |
| | : CAPUTO) |
| v. | : |
| | : (MAGISTRATE JUDGE |
| BANK OF AMERICA, NATIONAL | : MARTIN C. CARLSON) |
| ASSOCIATION; BAC HOME LOANS | : |
| SERVICING, LP; WELLS FARGO BANK, | : ELECTRONICALLY FILED |
| N.A.; WELLS FARGO BANK, N.A., AS | : |
| TRUSTEE FOR THE BENEFIT OF THE | : |
| CERTIFICATE HOLDERS, PARK PLACE | : |
| SECURITIES, INC., ASSET-BACKED PASS-: | |
| THROUGH CERTIFICATES SERIES 2005- | : ANSWER TO AMENDED |
| WC2W; CERTIFICATE HOLDERS, PARK | : COMPLAINT |
| PLACE SECURITIES, INC., ASSET- | : |
| BACKED PASS-THROUGH | : |
| CERTIFICATES SERIES 2005-WC2W; and | : |
| JOHN DOE 1-10 | : |
| | : |
| *Defendants*. | : |

**DEFENDANTS', WELLS FARGO BANK, N.A. AND WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS, PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-WCW2, ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants Wells Fargo Bank, N.A. and Wells Fargo Bank, N.A., as Trustee

for the Benefit of the Certificate Holders, Park Place Securities, Inc., Asset-Backed

Pass-Through Certificates Series 2005 WCW2, (collectively, "Wells Fargo")

incorrectly identified in the Amended Complaint as "Wells Fargo Bank, N.A. and

Wells Fargo Bank, N.A., as Trustee for the Benefit of the Certificate Holders, Park

Place Securities, Inc., Asset-Backed Pass-Through Certificates Series 2005

WC2W," by and through their undersigned counsel, hereby respond to the

Amended Complaint of Plaintiffs Ian Jobe and Catherine Jobe ("Plaintiffs"), with

Affirmative Defenses, as follows:

## PRELIMINARY STATEMENT

1.      Denied.  Plaintiffs' allegations are not likely to have evidentiary

support.

2.      It is admitted only that Plaintiffs style theirs as "an action for damages

and equitable relief, including compensatory damages, punitive damages and

attorney's fees and costs."  Any and all liability by Wells Fargo is specifically

denied.  Wells Fargo further denies that any of "Plaintiffs' constitutional and

statutorily protected rights, state statutory and common law rights" were violated

by Wells Fargo, and denies that Plaintiffs are entitled to damages of any kind,

equitable relief, attorney's fees or costs.

3.      It is admitted only that "Plaintiffs seek a decree quieting title to the property in Plaintiffs' names, and other equitable relief as this Court deems proper."  It is denied that Plaintiffs are entitled to a decree quieting title, where Plaintiffs' property is encumbered by a mortgage that is held in trust, for which Wells Fargo is the trustee.

## JURISDICTION AND VENUE

4.      Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.

5.      Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.

6.      Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.

## PARTIES

7.      After reasonable investigation, Wells Fargo is without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and said allegations are denied.

8.     After reasonable investigation, Wells Fargo is without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and said allegations are denied.

9.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.

10.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.

11.     It is admitted only that Wells Fargo Bank, N.A. is a national association.  It is specifically denied that Wells Fargo Bank, N.A. is a South Dakota corporation.  The remaining allegations in this paragraph are denied, as they contain conclusions of law to which no response is required.

12.     It is admitted only that Wells Fargo Bank, N.A. is a Trustee for the Benefit of the Certificate Holders, Park Place Securities, Inc., Asset-Backed Pass-Through Certificates Series 2005 WCW2.  The remaining allegations in this paragraph are denied, as they contain conclusions of law to which no response is required.

13.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.

14.     Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.

15.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.

16.     It is admitted only that Wells Fargo maintains, in the regular course, certain documents that relate to the mortgage encumbering Plaintiffs' property.  To the extent this paragraph purports to allege anything further, denied.

## FACTUAL ALLEGATIONS

17.     It is admitted only that Plaintiffs intend their allegations "to be 'without limitation'" and seek to preserve their right to supplement their allegations if other facts are uncovered during discovery.  It is denied that Plaintiffs have the right to supplement or otherwise amend their allegations, or that any discovery will permit the Plaintiffs to state viable claims against Wells Fargo.

18.     Denied.  Wells Fargo is the trustee for a trust that holds a note encumbering the property at 16 Laurel Lane, Mount Pocono, Pennsylvania 18344.

19.     After reasonable investigation, Wells Fargo is without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and said allegations are denied.

20.     After reasonable investigation, Wells Fargo is without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and said allegations are denied.

21.     After reasonable investigation, Wells Fargo is without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and said allegations are denied.

22.     After reasonable investigation, Wells Fargo is without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and said allegations are denied.

23.     After reasonable investigation, Wells Fargo is without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and said allegations are denied.

24.     Denied.  Wells Fargo is the trustee for a trust that holds a note encumbering the property at 16 Laurel Lane, Mount Pocono, Pennsylvania 18344.

25.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.  To the extent a response is necessary, the allegations in this

paragraph reference a document which is in writing and any characterization of its terms is denied.

26.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.  To the extent a response is necessary, the allegations in this paragraph reference a document which is in writing and any characterization of its terms is denied.

27.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.

28.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.  To the extent a response is necessary, the allegations in this paragraph reference documents which are in writing and any characterization of their terms is denied.

29.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.

30.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are,

accordingly, denied.  To the extent a response is necessary, the allegations in this paragraph reference a document which is in writing and any characterization of its terms is denied.

31.   The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.

32.   After reasonable investigation, Wells Fargo is without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and said allegations are denied.

33.   Denied.  Wells Fargo is the trustee for a trust that holds a note encumbering the property at 16 Laurel Lane, Mount Pocono, Pennsylvania 18344.

34.   The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.  To the extent a response is necessary, the allegations in this paragraph reference a document which is in writing and any characterization of its terms is denied.

35.   The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.  To the extent a response is necessary, the allegations in this

paragraph reference a document which is in writing and any characterization of its terms is denied.

36.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.  To the extent a response is necessary, the allegations in this paragraph reference a document which is in writing and any characterization of its terms is denied.

37.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.  To the extent a response is necessary, the allegations in this paragraph reference a document which is in writing and any characterization of its terms is denied.

38.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.  To the extent a response is necessary, the allegations in this paragraph reference documents which are in writing and any characterization of their terms is denied.

39.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.  To the extent a response is necessary, the allegations in this

paragraph reference documents which are in writing and any characterization of their terms is denied.

40.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  These allegations are, accordingly, denied.  To the extent a response is necessary, the allegations in this paragraph reference a document which is in writing and any characterization of its terms is denied.

41.     After reasonable investigation, Wells Fargo is without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and said allegations are denied.  To the extent a response is necessary, the allegations in this paragraph reference a document which is in writing and any characterization of its terms is denied.

42.     After reasonable investigation, Wells Fargo is without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and said allegations are denied.  To the extent a response is necessary, the allegations in this paragraph reference a document which is in writing and any characterization of its terms is denied.

43.     Denied.  Wells Fargo is the trustee for a trust that holds a note encumbering the property at 16 Laurel Lane, Mount Pocono, Pennsylvania 18344.

## QUIET TITLE

Wells Fargo incorporates the responses of paragraphs 1-43 as if the same were set forth fully herein.

44.     Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.  To the extent a response is necessary, after reasonable investigation, Wells Fargo is without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and said allegations are denied.

45.     Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.

46.     Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.

47.     The allegations in this paragraph reference a document which is in writing and any characterization of its terms is denied.

48.     It is admitted only that Wells Fargo maintains, in the regular course, certain documents that relate to the mortgage encumbering Plaintiffs' property.  To the extent this paragraph purports to allege anything further, denied.

49.     It is admitted only that Wells Fargo is the trustee for a trust that holds a note encumbering the property at 16 Laurel Lane, Mount Pocono, Pennsylvania 18344. To the extent this paragraph purports to allege anything further, denied.

50.     Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint. These allegations contain conclusions of law to which no response is required. To the extent a response is necessary, Wells Fargo is the trustee for a trust that holds a note encumbering the property at 16 Laurel Lane, Mount Pocono, Pennsylvania 18344.

WHEREFORE, Defendants Wells Fargo Bank, N.A. and Wells Fargo Bank, N.A., as Trustee for the Benefit of the Certificate Holders, Park Place Securities, Inc., Asset-Backed Pass-Through Certificates Series 2005 WCW2 respectfully request that this Court dismiss Plaintiffs' Amended Complaint with prejudice, together with an award of costs, attorneys' fees, and any other relief this Court deems appropriate.

## FDCPA

Wells Fargo incorporates the responses of paragraphs 1-50 as if the same were set forth fully herein.

51.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

52.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.  To the extent a response is necessary, the allegations in this paragraph reference a document which is in writing and any characterization of its terms is denied.

53.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

54.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

55.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

56.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

57.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

58.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

59.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

60.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

61.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

62.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

63.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

64.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

65.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

66.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

67.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

68.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

69.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

70.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

71.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

72.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

73.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

74.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

75.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

76.     The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

WHEREFORE, Defendants Wells Fargo Bank, N.A. and Wells Fargo Bank, N.A., as Trustee for the Benefit of the Certificate Holders, Park Place Securities, Inc., Asset-Backed Pass-Through Certificates Series 2005 WCW2 respectfully request that this Court dismiss Plaintiffs' Amended Complaint with prejudice, together with an award of costs, attorneys' fees, and any other relief this Court deems appropriate.

## **FCRA**

Wells Fargo incorporates the responses of paragraphs 1-76 as if the same were set forth fully herein.

77.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

78.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

79.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

80.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

81.    The allegations set forth in this paragraph are directed at parties other than Wells Fargo and no response is therefore required.

WHEREFORE, Defendants Wells Fargo Bank, N.A. and Wells Fargo Bank, N.A., as Trustee for the Benefit of the Certificate Holders, Park Place Securities, Inc., Asset-Backed Pass-Through Certificates Series 2005 WCW2 respectfully request that this Court dismiss Plaintiffs' Amended Complaint with prejudice, together with an award of costs, attorneys' fees, and any other relief this Court deems appropriate.

## PLAINTIFFS' PRAYER FOR RELIEF

Wells Fargo incorporates the responses of paragraphs 1-81 as if the same were set forth fully herein.

82.    It is admitted only that Plaintiffs pray this Court take jurisdiction of this matter.  To the extent this paragraph purports to allege anything further, denied.

83.    It is admitted only that Plaintiffs pray for relief in subsequent paragraphs.  To the extent this paragraph purports to allege anything further, denied.

84.    Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.  To the extent a response is necessary, Wells Fargo is the trustee for a trust that holds a note encumbering the property at 16 Laurel Lane, Mount Pocono, Pennsylvania 18344.

85.    Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.  To the extent a response is necessary, Wells Fargo is the trustee for a trust that holds a note encumbering the property at 16 Laurel Lane, Mount Pocono, Pennsylvania 18344.

86.     Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.  To the extent a response is necessary, Wells Fargo is the trustee for a trust that holds a note encumbering the property at 16 Laurel Lane, Mount Pocono, Pennsylvania 18344.

87.     Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.  To the extent a response is necessary, Wells Fargo is the trustee for a trust that holds a note encumbering the property at 16 Laurel Lane, Mount Pocono, Pennsylvania 18344.

88.     Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.  To the extent a response is necessary, it is specifically denied that Wells Fargo is liable to Plaintiffs on any cause of action, and it is further specifically denied that Plaintiffs are entitled to any damages, costs, disbursements or interest in any form.

89.     Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.

90.     Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.  To the extent a response is necessary, it is specifically denied that Wells Fargo is liable to Plaintiffs on any cause of action, and it is further specifically denied that Plaintiffs are entitled to any damages, costs, disbursements or interest in any form.

91.     Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.  To the extent a response is necessary, it is specifically denied that Wells Fargo is liable to Plaintiffs on any cause of action, and it is further specifically denied that Plaintiffs are entitled to any damages in any form.

92.     Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.  To the extent a response is necessary, it is specifically denied that Wells Fargo is liable to Plaintiffs on any cause of action, and it is further specifically denied that Plaintiffs are entitled to any damages in any form.

93.     Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.   To the extent a response is necessary, it is specifically

denied that Wells Fargo is liable to Plaintiffs on any cause of action, and it is

further specifically denied that Plaintiffs are entitled to any damages in any form.

94.   Wells Fargo denies the allegations set forth in this paragraph of the

Amended Complaint.  These allegations contain conclusions of law to which no

response is required.  To the extent a response is necessary, it is specifically denied

that Wells Fargo is liable to Plaintiffs on any cause of action, and it is further

specifically denied that Plaintiffs are entitled to any costs in any form.

95.   Wells Fargo denies the allegations set forth in this paragraph of the

Amended Complaint.  These allegations contain conclusions of law to which no

response is required.  To the extent a response is necessary, it is specifically denied

that Wells Fargo is liable to Plaintiffs on any cause of action, and it is further

specifically denied that Plaintiffs are entitled to a declaratory judgment.

96.   Wells Fargo denies the allegations set forth in this paragraph of the

Amended Complaint.  These allegations contain conclusions of law to which no

response is required.  To the extent a response is necessary, it is specifically denied

that Wells Fargo is liable to Plaintiffs on any cause of action, and it is further

specifically denied that Plaintiffs are entitled to any interest in any form.

97.   Wells Fargo denies the allegations set forth in this paragraph of the

Amended Complaint.  These allegations contain conclusions of law to which no

response is required.  To the extent a response is necessary, it is specifically denied

that Wells Fargo is liable to Plaintiffs on any cause of action, and it is further specifically denied that Plaintiffs are entitled to any relief in any form.

98.     Wells Fargo denies the allegations set forth in this paragraph of the Amended Complaint.  These allegations contain conclusions of law to which no response is required.  To the extent a response is necessary, after reasonable investigation, Wells Fargo is without knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and said allegations are denied.

WHEREFORE, Defendants Wells Fargo Bank, N.A. and Wells Fargo Bank, N.A., as Trustee for the Benefit of the Certificate Holders, Park Place Securities, Inc., Asset-Backed Pass-Through Certificates Series 2005 WCW2 respectfully request that this Court dismiss Plaintiffs' Amended Complaint with prejudice, together with an award of costs, attorneys' fees, and any other relief this Court deems appropriate.

## AFFIRMATIVE DEFENSES

Wells Fargo incorporates the responses of paragraphs 1-98 as if the same were set forth fully herein.

99.     Plaintiffs fail to state a claim against Wells Fargo upon which relief can be granted.

100.   Plaintiffs' claims are barred by arbitration and award.

101.   Plaintiffs' claims are barred by the statute of limitations.

102.   Any losses or damages suffered by Plaintiffs were not caused by Wells Fargo.

103.   Plaintiffs' claims are barred by Plaintiffs' failure to mitigate damages.

104.   Plaintiffs' claims are barred by estoppel.

105.   Plaintiffs' claims are barred by fraud.

106.   Plaintiffs' claims are barred by illegality.

107.   Plaintiffs' claims are barred by the doctrine of laches.

108.   Plaintiffs' claims are barred by the doctrine of release.

109.   Plaintiffs' claims are barred by the doctrine of res judicata.

110.   Plaintiffs' claims are barred by waiver.

111.   Plaintiffs entered into a valid and binding mortgage with Argent Mortgage Company, LLC on March 25, 2005.

112.   The note accompanying the mortgage binds Plaintiffs to pay the lender $248,800.00, plus interest.

113.   Plaintiffs have not satisfied their re-payment obligations under the terms of the mortgage or the note.

114.   Wells Fargo reserves its right to assert any other affirmative defenses that may come to light as this litigation proceeds.

WHEREFORE, Defendants Wells Fargo Bank, N.A. and Wells Fargo Bank, N.A., as Trustee for the Benefit of the Certificate Holders, Park Place Securities, Inc., Asset-Backed Pass-Through Certificates Series 2005 WCW2 respectfully request that this Court dismiss the Plaintiffs' Amended Complaint with prejudice, together with an award of costs, attorneys' fees, and any other relief this Court deems appropriate.

**BLANK ROME LLP**

BY:   /s/ Kevin C. Rakowski
Kevin C. Rakowski, Esquire (#80739)
Ryan P. Stewart (#209185)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
P:  (215) 569-5500
F:  (215) 569-5555
krakowski@blankrome.com
stewart-r@blankrome.com

Dated: May 27, 2011

*Attorneys for Defendants,*
*Wells Fargo Bank, N.A. and Wells*
*Fargo Bank, N.A., as Trustee for the*
*Benefit of the Certificate Holders,*
*Park Place Securities, Inc., Asset-*
*Backed Pass-Through*
*Certificates Series 2005 WCW2*

## <u>CERTIFICATE OF SERVICE</u>

I, Ryan P. Stewart, Esquire, hereby state that on this 27th day of May, 2011, a true and correct copy of the foregoing Answer with Affirmative Defenses was served by electronic notification via the Court's Electronic Case Filing System upon the following:

Ian Jobe and Catherine Jobe
16 Laurel Lane
Mount Pocono, PA 18344

/s/ Ryan P. Stewart
Ryan P. Stewart