**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IAN JOBE AND CATHERINE JOBE, | |
| Plaintiffs, | CIVIL ACTION NO. 3:10-CV-1710 |
| v. | (JUDGE CAPUTO) |
| BANK OF AMERICA, N.A., et. al., | (MAGISTRATE JUDGE CARLSON) |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is the Report and Recommendation of Magistrate Judge Martin C. Carlson. (Doc. 14). The Report recommends that the Defendants' Motion to Dismiss the Complaint (Doc. 7) be granted, and that the Plaintiffs be given leave to file an amended complaint. The Court will adopt the Report and Recommendation in full and will recommit the matter to the Magistrate Judge for further proceedings.

**I. Background**

Plaintiffs, a husband and wife proceeding *pro se*, initiated this action on August 16, 2010, alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. They also seek to quiet title to their property pursuant to Pennsylvania Rule of Civil Procedure 1061. In their Complaint, the Plaintiffs name Bank of America, N.A. ("Bank of America") and BAC Home

Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BAC Home Loans"), and John Doe 1-10 as Defendants. Plaintiffs seek various forms of injunctive relief, declaratory judgments, and monetary awards in excess of $1,000,000 plus costs.

Plaintiffs allege that they are the owners of real property located in Monroe County, Pennsylvania ("the Homestead"). They maintain that they have not entered into any agreements with any of the Defendants and that "Defendants are not the owner or holder of any Promissory Note or Mortgage encumbering the Homestead." (Doc. 1 at ¶¶ 20-21).

On September 6, 2009, Plaintiff Catherine Jobe received a document from Bank of America Home Loans which purported to be an "Adjustable Rate Mortgage (ARM) Interest Rate Adjustment Notice." In response, on September 29, Plaintiff Catherine Jobe apparently mailed a response to BAC which she titled a "Qualified Written Request Under RESPA." That letter disputed the mortgage–"stating Plaintiff's belief that the account is in error; notifying BAC that any negative credit reporting would be a RESPA and FCRA violation; and requesting . . . a payoff statement." (Doc. 1 at ¶ 23). That same day, Plaintiff Catherine Jobe also claims to have sent a letter to Bank of America Home Loans described as a "Notice Under Fair Debt Collection Practices Act Via U.S. Certified Mail, Return Receipt Requested," which further disputed the mortgage and requested all information allowable under the FDCPA. (Doc.1 at ¶ 25). The Plaintiffs allege that Bank of America failed to respond to either of these letters. (Doc. 1 at ¶¶ 24, 26). However, on January 15, 2010, Plaintiffs claim to have received a letter from BAC Home Loans stating that the information they requested above exceeded the scope of that available under 12 U.S.C. § 2605, and that the Wells Fargo Bank, N.A. was the current holder of the mortgage note. (Doc. 1 at ¶ 27).

Further communication ensued between the parties resulting in five additional efforts

2

by the Defendants to respond to the Plaintiffs' requests for information. (Doc. 1 at ¶¶ 28-33). While unclear, the correspondence from both Bank of America and BAC included a "Home Loan Summary," "Escrow Account Review," a statement, and other loan documents. (Doc. 1 at ¶¶ 28-32). Plaintiffs, however, declare that Defendant Bank of America "did not verify or include any proof or validation of the alleged debt." (Doc. 1 at ¶ 32). The Plaintiffs additionally claim that a TransUnion credit report dated August 9, 2010, for Plaintiff Catherine Jobe showed "BAC Home Loans SERV LP #70918946 ... Past Due: $25,254." (Doc. 1 at ¶ 34). However, an Experian credit report dated August 10, 2010, for Plaintiff Ian Jobe stated that the mortgage was paid and closed. (Doc. 1 at ¶ 35).

Plaintiffs claim that Defendants have no interest in the Homestead whatsoever. The Defendants, in turn, appear to allege that they have "merely performed their duties as a mortgage servicer." (Doc. 8 at 7). Unfortunately, the record is devoid of any allegations, documents, or any substantial information serving to clarify the nature of the business relationship between Plaintiffs and Defendants, or the current status of any mortgages.

Defendants have filed a joint motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Magistrate Judge recommends that Defendant's Motion to Dismiss be granted and that the Plaintiffs be given leave to amend their Complaint. (Doc. 14). Plaintiffs have filed an objection to the Report and Recommendation (Doc. 16), and have taken the further liberty of filing an Amended Complaint. (Doc. 18). As such, the Defendants have filed a Motion to Dismiss the Amended Complaint (Doc. 21), and Plaintiffs have motioned for an extension of time to file a brief in opposition. (Doc. 23).

For the reasons below, the Court will grant the Magistrate Judge's Recommendation that the Motion to Dismiss be granted and that the Plaintiffs be given leave to amend their

Complaint. However, the Amended Complaint already filed (Doc. 18) will be stricken as violating Federal Rules of Civil Procedure Rule 15(a)(2), and the Motion to Dismiss (Doc. 21) and Motion for Extension of Time to File a Brief in Opposition (Doc. 23) will be deemed moot as a result.

## II. Discussion

**A. Legal Standard for Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

Here, the Court reviews the portions of the report and recommendation which the Jobe Plaintiffs object to *de novo*. The remainder of the report and recommendation is

reviewed for clear error.

**B. Legal Standard for a Motion to Dismiss**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211. Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face,"

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

**C. Fair Debt Collection Practices Act ("FDCPA")**

The Plaintiffs argue in their Second Cause of Action that the Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq*. However, since the FDCPA only applies to debt collectors, such an allegation requires that the Defendant was acting as

6

a "debt collector" within the meaning of the Act. The FDCPA defines a "debt collector" as:

> any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. . . . such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is th enforcement fo security interests.

15 U.S.C.§ 1692a(6).

In their Complaint, Plaintiffs fail to allege facts showing that the Defendants were in fact acting as debt collectors. Plaintiff mere asserts that the letter from Bank of America was "essentially an attempt to collect a debt." (Doc. 1 at ¶ 45). Moreover, even if Defendants were deemed debt collectors, "the FDCPA is not applicable to a creditor seeking to recover a debt owed to it." *Conklin v. Purcell, Krug & Haller*, No. 05-1726, 2007 WL 404047, *5 (M.D. Pa. Feb, 1, 2007); Police v. Nat'l Tax Funding, LP., 225 F.3d 379, 403 (3d Cir. 2000) ("Creditors—as opposed to 'debt-collectors'—generally are not subject to the FDCPA.") (internal citations omitted). This exemption applies equally to mortgage servicing companies. *Conklin*, 2007 WL 404047, at *5 (citations omitted); *Sponaugle v. First Union Mortg. Corp.*, 40 Fed.Appx. 715, 717 n.2 (3d Cir. 2002). As such, Bank of America and BAC Home Loans simply do not fall within the definition of "debt collector" and thus are not within the purview of the FDCPA.

Plaintiff challenges this assertion, asserting that the FDCPA applies to anyone who attempts to collect a debt and that no legitimate debt is being sought in the instant case. (Doc. 1 at ¶ 56). However, even if Defendants Bank of America and BAC Home Loans were considered debt collectors under the Act, the Plaintiff's claims pursuant to the FDCPA in

7

Counts I and II of the Complaint should still be dismissed as they require that the initial communication between the consumer and debt collector be "in connection with the collection of any debt." 15 U.S.C. § 1692g(a). Here, the correspondence in question, as alleged by the Jobes, was not an attempt to collect a debt. Instead, it was simply performing the duties of a mortgage servicer by providing information to the Plaintiffs.

Finally, the Plaintiffs do not allege facts which would explain why they believe the actions of the Defendants were false, deceptive or misleading as alleged in Count III of the Second Cause of Action. This is a significant omission since, as a general rule, "[p]ursuant to Rule 9(b), a plaintiff averring a claim in fraud must specify ' "the who, what, when, where, and how: the first paragraph of any newspaper story."' *Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir.1999) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990)). "Although Rule 9(b) falls short of requiring every material detail of the fraud such as date, location, and time, plaintiffs must use 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (quoting *In re Nice Sys., Ltd. Secs. Litig.*, 135 F.Supp.2d 551, 577 (D.N.J. 2001)). Therefore, while the Defendants state in a conclusory manner that "[t]hese activities constitute unfair and unconscionable means to collect or attempt to collect any debt" (Doc. 1 at ¶ 55), this amount of specificity is not sufficient.

As such, Plaintiff's have failed to meet their burden in pleading sufficient facts to state a claim pursuant to the FDCPA. As such, the Court agrees with the Magistrate Judge's determination that these claims should be dismissed.

**D. Fair Credit Reporting Act ("FCRA")**

The Plaintiffs also allege that the Defendants violated provisions of the Fair Credit Reporting Act (FCRA), resulting in a negative effect on the Plaintiffs' credit reports.

As the Magistrate Judge explained, the FCRA requires a consumer to first contact the consumer reporting agency and inform the agency that it is working with disputed information. *See* 15 U.S.C. §§ 1681i(a)(1-2), 1681s-2(b). Such reporting then prompts the agency to then contact the provider of the information, in this case presumably one or more of the defendants, who would then incur the duties as provided by the Act. *Id.*

In this case, nothing in the Plaintiffs' Complaint indicates that they have complied with the procedures prescribed by the FCRA. Specifically, Plaintiffs allege absolutely no contact with any consumer reporting agency regarding this dispute, a necessary prerequisite to this claim. In contesting this finding by the Magistrate Judge, Plaintiff's attempt to excuse their failure to report as a right to remain silent under the First, Fifth, Ninth and Tenth Amendments to the United States Constitution. Regardless, Plaintiffs allegations and statements fail to meet the explicit statutory requirements of the FCRA. Accordingly, the Defendants' motion to dismiss this claim should be granted.

**E. Real Estate Settlement Procedures Act ("RESPA")**

The Plaintiffs further allege that the Defendants have failed to respond to their inquiries, failed to notify them regarding transfer of loan servicers, and failed to properly apply payments to their account in violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq*. (Doc. 1 at ¶¶ 63-67).

RESPA mandates that "servicer[s] of any federally related mortgage loan shall notify

the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other persons" as well as mandating other certain time restrictions and content requirements. 12 U.S.C. § 2605(b). RESPA also allows consumers to access information regarding their settlement and mortgage obligations by implementing requirements that creditors respond to borrower inquiries in a timely and detailed fashion. 12 U.S.C. § 2605(e).

The Court agrees with the Magistrate Judge, that on the facts alleged, the Plaintiffs have failed to plead a proper RESPA claim. While difficult to discern, the essential thrust of Plaintiffs' RESPA claim is that the Defendants failed to respond to Plaintiffs' initial RESPA request, disputing the allegedly unidentifiable debt. (Doc. 1 at ¶ 23). Problematically, however, "alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minium also allege that the breach resulted in actual damages." *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp. 2d 374, 383 (D..N.J. 2006) (citing 12 U.S.C. § 2605(f)(1)(A)). Here, the Plaintiffs have failed to allege that they suffered any concrete damages as a result of the Defendants actions whatsoever. As such, the Plaintiffs have failed to plead sufficient facts which state a claim pursuant to RESPA and the Court agrees with the Magistrate Judge's determination that this claim should be dismissed.

**F. Action to Quiet Title to Property**

Pennsylvania Rule of Civil Procedure 1061 provides that an action to quiet title may be brought "where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land." Pa.R.C.P No. 1061.

Simply, the Plaintiffs have failed to allege that the Defendants have stated any "right lien, title or interest in the land" or that there is any "document, obligation or deed affecting

10

any right, lien, title or interest in land" in question here. Pa.R.C.P. No. 1061. The Court agrees with the Magistrate Judge's determination that the Complaint does not provide sufficient information to make an informed decision as to the nature of the relationship between the parties, what parties have an interest in the land, and who might have a lawful claim to the Plaintiffs' property. Accordingly, the Plaintiffs have failed to plead sufficient facts to support a claim for quiet title, and Defendants' motion to dismiss is granted.

As the *pro se* complaint does not contain sufficient facts upon which relief may be granted, the Court will adopt the Magistrate Judge's determination that these allegations should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, the Court also recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety. *See Fletcher-Hardee Corp. V. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."). As such, by dismissing these remaining allegations without prejudice, the Court will allow one final effort by the Plaintiff to comply with the appropriate pleading standards.

### III. Conclusion

For the reasons explained above, the Report and Recommendation will be adopted. The defendants' Motion to Dismiss (Doc. 7) will be granted in full, and the Plaintiffs will be given leave to amend their Complaint.

An appropriate order follows.

 October 6, 2011                                          /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IAN JOBE AND CATHERINE JOBE, | |
| Plaintiffs, | CIVIL ACTION NO. 3:10-CV-1710 |
| v. | (JUDGE CAPUTO) |
| BANK OF AMERICA, N.A., et. al., | (MAGISTRATE JUDGE CARLSON) |
| Defendants. | |

# **ORDER**

**NOW** this 6th day of October, 2011, the amended complaint (Doc. 18) is **STRICKEN** for violating Fed. R. Civ. P. 15(a)(2), and therefore the Motion to Dismiss (Doc. 21) and Motion for Extension of Time to File a Brief in Opposition (Doc. 23) are deemed **MOOT**. Upon review of the Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. 14), **IT IS FURTHER ORDERED** that:

(1) The Report and Recommendation (Doc. 14) is **ADOPTED.**

(2) Defendants' Motion to Dismiss (Doc. 7) is **GRANTED**.

(3) Plaintiffs are granted leave to amend their Complaint within thirty (30) days of the date of this Order.

(4) This matter is **RECOMMITTED** to the Magistrate Judge.

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge