ORIGINAL

Ian Jobe
Catherine Jobe
16 Laurel Lane
Mount Pocono, PA 18344

**FILED**
**SCRANTON**

OCT 3 1 2011

PER _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

# WILKES-BARRE OFFICE

| | | |
|---|---|---|
| Ian Jobe, and<br>Catherine Jobe, husband and wife, | ) | Case No.: 3:10-cv-01710-ARC-MCC |
| | ) | **VERIFIED COMPLAINT** |
| Plaintiffs, | ) | |
| | ) | **Quiet Title,** |
| vs. | ) | |
| | ) | **FDCPA (15 U.S.C. § 1692 et seq.)** |
| BANK OF AMERICA, NATIONAL<br>ASSOCIATION; | ) | |
| | ) | |
| BAC HOME LOANS SERVICING, LP; | ) | |
| | ) | |
| WELLS FARGO BANK, N.A.; | ) | |
| | ) | |

WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF THE )
CERTIFICATE HOLDERS, PARK PLACE SECURITIES, INC., ASSET-BACKED )
PASS-THROUGH CERTIFICATES SERIES 2005-WC2W; )

CERTIFICATE HOLDERS, PARK PLACE SECURITIES, INC., ASSET-BACKED )
PASS-THROUGH CERTIFICATES SERIES 2005-WC2W; )

| | | |
|---|---|---|
| JOHN DOE 1-10; | ) | |
| | ) | **[Supplemental State Claims]** |
| Defendants. | ) | |

AMENDED COMPLAINT

Page 1 of 16

Come now the Plaintiffs and allege upon information and belief:

## Preliminary Statement

1.      In this Complaint, allegations marked (*) are made upon information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. All other allegations are made of personal knowledge.

2.      This action is an action for damages and equitable relief, including compensatory damages, punitive damages and attorney's fees and costs, to redress violation of the Plaintiffs' constitutional and statutorily protected rights, state statutory and common law rights.

3.      Plaintiffs seek a decree quieting title to the property in Plaintiffs' names, and other equitable relief as this Court deems proper.

## Jurisdiction and Venue

4.      Jurisdiction is under 12 U.S.C. § 2610; 15 U.S.C. § 1640 (e); 28 U.S.C. §§ 1331, 1332, 1367, 1652, 2201 et seq. Plaintiffs and Defendants are citizens of different states and the value at issue exceeds $75,001. The Plaintiffs request that this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on state statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

5.      Venue for this action lies in this district since:

        (a) Defendants are subject to personal jurisdiction of the State of Pennsylvania and have sufficient contacts with this district under 28 U.S.C. § 1391 (b)(2).

        (b) Substantial acts and omissions in this action occurred in this district under 28 U.S.C. § 1391 (b) (2) and/or (c).

6.      This matter is properly filed in the Middle District of Pennsylvania and the claims arose in this District and all Defendants reside and/or do business in this District.

## Parties

7.      Plaintiffs are citizens of the United States, domiciled at **16 Laurel Lane, Mount Pocono, Pennsylvania 18344.**

8.      Plaintiffs are citizens of Pennsylvania.

AMENDED COMPLAINT

9.      Defendant BANK OF AMERICA, NATIONAL ASSOCIATION ("BofA") is a subsidiary of BANK OF AMERICA CORPORATION and is a national association which can be served via its CEO, Brian Moynihan, address 100 North Tryon Street, Charlotte, North Carolina 28255.

10.     Defendant BAC HOME LOANS SERVICING, LP ("BAC") is a Texas limited partnership, whose General Partner is BAC GP LLC, address 4500 Park Granada, Calabasas CA 91302, and is a subsidiary of BANK OF AMERICA, NATIONAL ASSOCIATION, and can be served via its registered agent, C T Corporation System, address 116 Pine St Ste 320, Harrisburg PA 17101.

11.     Defendant WELLS FARGO BANK, N.A. is a South Dakota corporation and a National Association, and can be served via its CEO, John G. Stumpf, address 420 Montgomery Street San Francisco, CA 94104.

12.     Defendant WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS, PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-WC2W is WELLS FARGO BANK, N.A., and can be served the same way.

13.     (*) Defendants CERTIFICATE HOLDERS, PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-WC2W are an unknown number of holders of Certificates, citizens of foreign states, and cannot be served until discovery is had.

14.     All the above Defendants are jointly and severally liable for acts of other Defendants.

15.     Defendants JOHN DOE 1-10 are the owner and holder of any Promissory Note(s) encumbering the real property at issue in this case.

16.     Defendants keep accounting entries for each of their loans in a "general ledger" or other ledger, showing all changes to Assets, Liabilities and Owner's Equity resulting from the loans. These accounting ledger entries can be produced in a form similar to that described in accounting textbooks such as Intermediate Accounting by Donald E. Kieso, Jerry J. Weygandt, and Terry D. Warfield (Wiley, 2003), and Financial Accounting by Paul D. Kimmel, Jerry J. Weygandt, and Donald E. Kieso (Wiley, 2006). These accounting ledger entries show whether or not Plaintiffs received a loan from Defendants. Under the "matching" principle of GAAP, Defendants can produce a ledger showing all costs and revenues resulting from each loan. Defendants keep

SECOND AMENDED COMPLAINT

records for all loans in a form ready to produce for government inspection in case of an audit.

## Factual Allegations:

17.    All the following allegations are intended to be "without limitation" and will be supplemented by other facts to be found in discovery.

18.    Plaintiffs were and are the owners of the property at **16 Laurel Lane, Mount Pocono, Pennsylvania 18344**, legally described as:

> **Parcel I**
> **All that certain lot, piece, or parcel of land situate in the borough of Mount Pocono, County of Monroe and Commonwealth of Pennsylvania, bounded and described as follows, to wit:**
> **Beginning at a point on the easterly side of a proposed street, said point being the most southerly corner of Lot No. 8 as shown on "Subdivision of lands of Peter Uciferi, Revised December 1, 1953;" Thence along said Lot No. 8, North 37 degrees 30 minutes East 125 feet to a point; thence along lands of Joseph Aboucher and lands of E. E. Merwin, South 52 degrees 30 minutes (erroneously stated in current deed as 20 minutes) East 114.87 feet to a point; thence along the easterly side of said proposed road, in a curve to the left, having a radius of 130 feet, an arc length 55.02 feet to the place of Beginning. Containing 0.26 acre, more or less.**
>
> **Being Lot No. 9 on the above mentioned plan.**
>
> **No dwelling shall be erected upon the above described premises unless the same shall be at least 26 feet by 32 feet, first floor measurements.**
>
> **Parcel II**
> **All that certain lot or piece of land situate in the Borough of Mount Pocono, County of Monroe and Commonwealth of Pennsylvania, bounded and described as follows, to wit:**
>
> **Beginning at a point on the easterly side of a proposed street, said point being the most southerly corner of Lot No. 9, as shown on "Subdivision of lands of Peter Uciferi, Revised December 1, 1953;" thence along said Lot No. 9 North 61 degrees 45 minutes East 149.68 feet to a point; thence along lands of E. E. Merwin, South 52 degrees 30 minutes East 140.12 feet to an iron pipe; thence along lands of Walter H. Holl, South 37 degrees 30 minutes (erroneously stated in current deed as 20 minutes) West 29.39 feet to a point; thence along Lot No. 11, as shown on said map, South 86 degrees West 210.47 feet to a point; thence**

SECOND AMENDED COMPLAINT

4

along the easterly side of said proposed street, on a curve to the left, having a radius of 130 feet, an arc length of 55.02 feet to the place of beginning.

Containing 0.43 of an acre. Being Lot No. 10 on above mentioned plan.

**BEING KNOWN AS TAX PARCEL NUMBER: 10/4/1/27 & 10/4/1/28.**

Being the same premises which Joseph M. Moore, widower, by Indenture dated 05-12-00 and recorded 05-16-00 in the Office of the Recorder of Deeds in and for the County of Monroe in Deed Book 2078 page 6939, granted and conveyed unto Ian Jobe, married man.

(hereafter "the Homestead").

19.   Plaintiffs are, and have been, in continuous possession of the Homestead.

20.   Plaintiffs did not make a forcible entry into the Homestead.

21.   Plaintiffs are not unlawfully holding the possession of the Homestead by force.

22.   Plaintiffs have never sold the Homestead.

23.   Plaintiffs have never entered into any agreement with Defendants.

24.   (*) Defendants are not the owner or holder of any Promissory Note or Mortgage encumbering the Homestead.

25.   On September 6, 2009, Plaintiff Catherine Jobe received from Bank of America Home Loans an "ADJUSTABLE RATE MORTGAGE (ARM) INTEREST RATE ADJUSTMENT NOTICE" dated August 17, 2009.

26.   On September 29, 2009, Plaintiff Catherine Jobe mailed a letter to BAC titled "QUALIFIED WRITTEN REQUEST UNDER RESPA," disputing the debt; stating Plaintiff's belief that the account is in error; notifying BAC that any negative credit reporting would be a RESPA and FCRA violation; and requesting the current mortgagee of the Mortgage, the current holder of the Note, the Pooling and Servicing Agreement and associated agreements, BAC's Power of Attorney, and a payoff statement.

SECOND AMENDED COMPLAINT

5

27.     Bank of America Home Loans failed to timely respond to the September 29 RESPA letter.

28.     On September 29, 2009, Plaintiff Catherine Jobe mailed a letter to Bank of America Home Loans titled "NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT VIA U. S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED," in response to the August 17 letter, disputing the claim and requesting all information allowed under the FDCPA.

29.     Bank of America Home Loans failed to timely respond to the September 29 FDCPA letter.

30.     On January 15, 2010, Philip A. Italiano of Dilworth Paxson LLP, claiming to represent "BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A." wrote a letter to Plaintiff Catherine Jobe stating that "the information requested in your correspondence goes beyond that which is available through a qualified written request made under 12 USC 2605," and stating that "The current owner of the note is Wells Fargo Bank, N.A., as trustee for the Benefit of the Certificate Holders, Park Place Securities, Inc., Asset-Backed Pass-Through Certificates Series 2005-WC2W, which has an address of 9062 Old Annapolis Road, Columbia, Maryland 21045." The letter enclosed a copy of the Mortgage and a Payment History "during BAC Home Loans' servicing" and otherwise gave no information.

31.     (*) BAC Home Loans' servicing did not begin until June 22, 2010.

32.     A search at the county recorder's office showed that Catherine and Ian Jobe are the owners of record, and that there is no Mortgage or Assignment to Wells Fargo Bank NA, nor to Bank of America, National Association, nor to BAC Home Loans Servicing, LP.

33.     (*) Wells Fargo Bank NA is not the current owner of any note encumbering the Homestead.

34.     (*) Bank of America, National Association is not the current owner of any note encumbering the Homestead.

35.     (*) BAC Home Loans Servicing, LP is not the current owner of any note encumbering the

SECOND AMENDED COMPLAINT

Homestead.

36.     On June 22, 2010, BAC mailed a letter to Plaintiffs titled "HOME LOAN SUMMARY," demanding payment on an allegedly defaulted alleged loan.

37.     On June 22, 2010, BAC mailed a letter to Plaintiffs titled "ESCROW ACCOUNT REVIEW," demanding payment on an allegedly defaulted alleged loan.

38.     On June 25, 2010, BAC mailed a letter to Plaintiffs, demanding payment on an allegedly defaulted alleged loan.

39.     On or about June 30, 2010, BAC mailed a Statement to Plaintiff Catherine Jobe.

40.     On July 6, 2010, Plaintiff Catherine Jobe mailed a letter to BAC titled "NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT VIA U. S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED," in response to the June 22 letter, disputing the claim and requesting all information allowed under the FDCPA.

41.     On July 16, 2010, Bank of America Home Loans mailed a letter to Plaintiff Catherine Jobe apparently in response to her July 6 FDCPA letter, enclosing "all available loan documents," but did not verify or include any proof or validation of the alleged debt.

42.     On July 29, 2010, BAC mailed a letter to Plaintiffs titled "HOME LOAN SUMMARY."

43.     A TransUnion credit report for Plaintiff Catherine Jobe, dated August 9, 2010, under "Adverse Accounts" showed "BAC HOME LOANS SERV LP #70918946 … Past Due: $25,254 … Pay Status: >120 Days Past Due<"

44.     An Experian credit report for Plaintiff Ian Jobe, dated August 10, 2010, under "AMERICAN HOME MTG SERVICING" shows "Type: Mortgage … Status: Paid, Closed."

45.     If this Court lacks information regarding the relationship between Plaintiffs and Defendants, so do Plaintiffs. These letters simply showed up. Therefore, discovery is needed.

### FIRST CAUSE OF ACTION
### Quiet Title
### (Against All Defendants)

SECOND AMENDED COMPLAINT

7

For their first claim for relief, Plaintiffs reallege and incorporate herein paragraphs 17 through 45 above and further allege:

46.     At all times relevant to this Complaint, Plaintiffs were and are in possession and has been in continuous possession of the Homestead, against all the world, and have paid all lawful property taxes thereon.

47.     Plaintiffs have superior and legal title to, and other interest in, the Homestead.

48.     At all times relevant to this Complaint, Plaintiffs are and were the owner of the Homestead and entitled to such ownership and use without interference by Defendants.

49.     In the letter dated October 20, 2010, Defendants are claiming that Wells Fargo Bank, N.A. and "the Certificate Holders" and "the Noteholder" have an interest in the Homestead through "your home loan."  The October 20, 2010 letter constitutes a "document, obligation or deed affecting any right, lien, title or interest in land" under Pa.R.C.P. No. 1061.  Upon information and belief, Defendants are relying on some recorded document in the nature of a Mortgage or a Deed of Trust that purports to secure, by way of a lien on the Homestead, an alleged debt purportedly owed by Plaintiffs to Defendants or to some party in privity with Defendants.  There is a set of facts consistent with this Complaint that state a cause of action, see *Conley v. Gibson*, and plausibility of entitlement to relief, see *Bell Atlantic v. Twombly*.  It is not implausible that Defendants are relying on some such document(s) in drafting the October 20, 2010 letter.

50.     (*) Defendants are in possession of purported document(s), obligation(s) and/or deed(s) related to the alleged "your home loan," affecting right, lien, title or interest in Plaintiffs' land.

51.     (*) Defendants are among "the Certificate Holders" and/or have an ownership interest in one or more of "the Certificate Holders", and/or have an ownership interest in Wells Fargo Bank, N.A., and therefore Defendants indirectly claim an interest in the Homestead.

52.     Defendants' claims to any right, title or interest in the property are false and without merit.

SECOND AMENDED COMPLAINT

8

Plaintiffs seek a decree quieting title to the Homestead in Plaintiffs, and such further equitable

relief as the Court deems proper.

**SECOND CAUSE OF ACTION**
**FDCPA - Fair Debt Collection Practices Act**
**(15 U.S.C. § 1692 et seq.)**
**(Against Defendants BANK OF AMERICA, NATIONAL ASSOCIATION;**
**BAC HOME LOANS SERVICING, LP)**

For their second claim for relief, Plaintiffs reallege and incorporate herein paragraphs 17

through 45 above and further allege:

53.    The following facts show that the Defendants were acting as "debt collectors":

54.    Neither Defendant claims to be "the creditor." Neither Defendant claims to be owed any

debt. In a letter dated January 15, 2010, attorney Philip A. Italiano, representing Defendant BAC

HOME LOANS SERVICING, LP, stated: "The current owner of the note is Wells Fargo Bank,

N.A., as Trustee for the Benefit of the Certificate Holders, Park Place Securities, Inc., Asset-

Backed Pass-Through Certificates Series 2005-WCW2, which has an address of 9062 Old

Annapolis Road, Columbia, Maryland 21045."

55.    Neither Defendant actually is owed any debt.

56.    (*) Neither Defendant is the servicer of any obligation encumbering the Homestead. BAC

may be in the business of mortgage servicing, in general, but was not in fact the servicer of any

obligation encumbering the Homestead.

57.    BAC was demanding payment on an allegedly defaulted alleged loan, not servicing a

current payment plan or forbearance agreement. See Conklin v. Purcell, Krug & Haller, No. 05-

1726, 2007 WL 404047, *5 (M.D. Pa. Feb, 1, 2007):

> When a company is servicing a current payment plan or forbearance agreement
> rather than demanding payment on a defaulted loan, that company is not subject to
> the FDCPA. … It is true, however, that if the mortgage at issue was already in

SECOND AMENDED COMPLAINT

default at the time that the mortgage servicing company began servicing the loan,
then the statute will be found applicable to a loan servicer as a "debt collector."

Bank of America acquired Countrywide, the original servicer, in July 2008. Upon information and

belief, any alleged loan that Bank of America claims is owed to them by Plaintiffs, was in default

at the time Bank of America acquired it; and any alleged loan that BAC claims is owed to any

principal of BAC by Plaintiffs, was in default at the time the alleged principal acquired it.

58.     Both Defendants are persons.

59.     (*) Both Defendants use instrumentalities of interstate commerce and the mails in

business(es) the principal purpose of which is the collection of debts, and both Defendants

regularly collect and attempt to collect, directly and indirectly, debts owed or due or asserted to be

owed or due another: without limitation, both Defendants have mailed, to Plaintiffs and others,

many letters bearing "mini-Miranda" debt collector notices, requesting money for principal,

interest, etc. for mortgages allegedly in default purportedly owed to Defendants' alleged principals.

60.     (*) Both Defendants, in the process of collecting their own debts, use names other than

their own which would indicate that a third person is collecting or attempting to collect such debts:

without limitation, Bank of America, N.A. uses the name "BAC Home Loans Servicing, <u>Inc.</u>"

(distinct from BAC Home Loan Servicing, <u>LP</u>).

61.     (*) Both Defendants use instrumentalities of interstate commerce and the mails in

business(es) the principal purpose of which is the enforcement of security interests: without

limitation, the principal business of BAC Home Loans Servicing, Inc. is foreclosing on homes.

**<u>Count I  (Against Defendant BANK OF AMERICA, NATIONAL ASSOCIATION)</u>**

62.     The "initial communication with a consumer in connection with the collection of any

SECOND AMENDED COMPLAINT

debt"[1] from Defendant BofA was a letter dated October 20, 2010, which stated: "BAC Home Loans Servicing, Inc. services your home loan on behalf of the holder of your note (Noteholder). This is to advise you that your account remains seriously delinquent. If we do not hear from you immediately, we will have no alternative but to take appropriate action to protect the interest of the Noteholder in your property. This action may include returning payments that are less than the total amount due. ... Past due payment amount: $77,486.45" This letter alleged that the alleged loan was in default. This letter contained, included, constituted, and was, a debt collection attempt.

63.    Defendant BofA failed to disclose, within five days of the initial communication, the right to dispute the debt within 30 days, in violation of § 1692 g(a)(3).

64.    Defendant BofA failed to disclose, within five days of the initial communication, the right to have verification/judgment mailed to consumer, in violation of § 1692 g(a)(4).

65.    Defendant BofA failed to state, within five days of the initial communication, that it will provide name and address of original creditor if different from current creditor, in violation of § 1692 g(a)(5).

66.    The letter is essentially an attempt to collect a debt which is not owed to BofA.

## Count II  (Against Defendant BAC HOME LOANS SERVICING, LP)

67.    The "initial communication with a consumer in connection with the collection of any debt" was the letter dated January 15, 2010, from Philip A. Italiano of Dilworth Paxson LLP, as agent of Defendant BAC.  That letter stated: "The principal balance of the Loan ... is $248,367.40.  The current monthly payment of $2,809.89 ..." thus it was "in connection with" debt collection.

68.    Defendant BAC failed to state, within five days of the initial communication, the name of the creditor to whom the debt was allegedly owed, in violation of § 1692 g(a)(2).

---

[1] The MEMORANDUM deciding on the Motion to Dismiss (Document 27) translated "in connection with the collection of any debt" as "an attempt to collect a debt."

SECOND AMENDED COMPLAINT

69.     Defendant BAC failed to disclose, within five days of the initial communication, the right to dispute the debt within 30 days, in violation of § 1692 g(a)(3).

70.     Defendant BAC failed to disclose, within five days of the initial communication, the right to have verification/judgment mailed to consumer, in violation of § 1692 g(a)(4).

71.     Defendant BAC failed to state, within five days of the initial communication, that it will provide name and address of original creditor if different from current creditor, in violation of § 1692 g(a)(5).

72.     Plaintiffs notified Defendant BAC in writing within thirty days of the initial communication that the debt was disputed and Plaintiffs requested the name and address of the original creditor.

73.     Defendant BAC failed to cease collection efforts until the debt was validated, in violation of § 1692 g(b).

**Count III  (Against Defendant BAC HOME LOANS SERVICING, LP)**

74.     The "initial communication with a consumer in connection with the collection of any debt" was the letter to Plaintiff Catherine Jobe dated August 17, 2009 from Bank of America Home Loans titled "ADJUSTABLE RATE MORTGAGE (ARM) INTEREST RATE ADJUSTMENT NOTICE".  That letter stated: "If you are currently a debtor in bankruptcy: This information is being furnished to you for informational purposes only.  It should not be construed as an attempt to collect a debt against you personally."  Plaintiff Catherine Jobe was not in bankruptcy, therefore that paragraph constitutes an admission by Bank of America Home Loans that the letter was an attempt to collect a debt against Plaintiff Catherine Jobe personally.

75.     On September 29, 2009, Plaintiff Catherine Jobe mailed a letter to Bank of America Home Loans titled "NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT VIA U. S.

SECOND AMENDED COMPLAINT

CERTIFIED MAIL, RETURN RECEIPT REQUESTED," in response to the August 17 letter, disputing the claim and requesting all information allowed under the FDCPA.

76.     Bank of America Home Loans failed to timely respond to the September 29 FDCPA letter, in violation of all the § 1692 subsections cited above.

**Count IV  (Against Defendant BAC HOME LOANS SERVICING, LP)**

77.     (*) BAC's letters, described under "Factual Allegations" above, falsely represented that Plaintiffs owe a debt either to Wells Fargo, N.A., or to a Trust, or to the Certificate Holders, or to the "Note Holder," when in fact Plaintiffs do not owe such debt. This activity constitutes false, deceptive, and misleading representations in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e.

78.     On or about July 5, 2010, BAC contacted Plaintiff Catherine Jobe's aunt in an attempt to collect the debt.  This activity constitutes unfair and unconscionable means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f.

79.     Congress intended the FDCPA to apply to this situation:

> This bill also protects people who do not owe money at all. In the collector's zeal, collection efforts are often aimed at the wrong person either because of mistaken identity or mistaken facts. This bill will make collectors behave responsibly towards people with whom they deal . . . .

House Report 95-131, 95th Cong., 1st Sess., p. 8. Accord, Senate Report No. 95-382, p. 4, reprinted at 1997 USCCAN 1695, 1699.

80.     Plaintiffs do not owe money to Defendants at all.  In Defendants' zeal, collection efforts are aimed at the wrong person because of mistaken identity or mistaken facts.

81.     As a result of Defendants' wrongful actions, Plaintiffs suffered damages to be determined at trial.

SECOND AMENDED COMPLAINT

**Prayer for Relief:**

82.     Plaintiffs pray this honorable Court take jurisdiction of this case.

83.     Plaintiffs pray for Decrees and Judgments as follows:

84.     Enjoin, immediately, all Defendants, and all parties claiming under Defendants, and their officers, agents, employees, servants, and attorneys, and those persons in active concert or participation with any of them, during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on plaintiff's property, from recording any mortgages regarding the Homestead;   from selling, assigning or transferring mortgages or obligations relating to the Homestead;   from instituting, prosecuting, or maintaining nonjudicial or judicial foreclosure proceedings against the Homestead;   from otherwise encumbering the Homestead; from instituting, prosecuting, or maintaining eviction or F.E.D. proceedings against Plaintiffs;   or from otherwise taking any steps to deprive Plaintiffs of ownership and/or enjoyment of the Homestead.

85.     A Judgment and Decree quieting title in favor of Plaintiffs as against Defendants.

86.     Declaratory judgment that Plaintiffs have no contract with Defendants.

87.     Declaratory judgment that Plaintiffs have clear title to the property, free from any encumbrances by Defendants, and that Defendants have no valid security interest in Plaintiffs' property, or in the alternative, reformation of the contract.

88.     Award to Plaintiffs $1,000,000.00 damages and their reasonable costs, disbursements and prejudgment interest and postjudgment interest.

89.     An accounting from each Defendant of all funds handled in any way concerning any alleged mortgage loan.

SECOND AMENDED COMPLAINT

90.     An award of judgment entitling Plaintiffs to all remedies set forth in 12 U.S.C. § 2607 and

18 U.S.C. § 1964(c), and all other remedies that equitably and reasonably flow from Defendants'

breaches of federal law and the obligations that arise therefrom;

91.     A Judgment and  Decree in favor of Plaintiffs against Defendants, actual damages in an

amount to be proven at trial, statutory damages, other general and consequential damages, punitive

damages, money judgment in an amount sufficient to retire any contract;

92.     For award of damages against Defendants and each of them on Plaintiffs' claims as

applicable under federal law as alleged above in an amount to be shown at trial;

93.     For an award of damages against Defendants, and each of them, on the Plaintiffs' state law

claims, whether general, special or punitive as alleged above, in an amount to be shown at trial;

94.     For an award of costs as provided by law;

95.     For a declaratory judgment holding that Plaintiffs' rights were violated as alleged above;

96.     That Plaintiffs have and recover from the Defendants post-judgment interest as may be

determined by statute and rule;

97.     That this Court grant such other and further relief as it deems just and proper.

98.     Finally, Plaintiffs are not attorneys and are inexperienced in procedure as practiced in the

Federal Courts.   If this submission is found wanting in one or more particulars, it is incumbent

upon the Court to inform Plaintiffs of the deficiencies, their specifics and assist the Plaintiffs in

correcting the submission, and the Plaintiffs hereby respectfully request such assistance.

By: _____   DATED: 10 / 28 /2011

Ian Jobe, Plaintiff

By: _____   DATED: 10 / 28 /2011

Catherine Jobe, Plaintiff

SECOND AMENDED COMPLAINT

15

## **VERIFICATION**

We, Ian Jobe and Catherine Jobe, are the Plaintiffs in the above action. Pursuant to applicable rules, we verify under solemn affirmation that the facts alleged in the foregoing complaint are true, complete and correct to the best of our knowledge and information.

We solemnly declare under penalty of perjury that the foregoing is true, complete and correct to the best of our information and belief.

By: _____     DATED: __10__/__28__/2011
Ian Jobe, Plaintiff

By:_____     DATED: __10__/__28__/2011
Catherine Jobe, Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on the date last written below I served the foregoing by mailing a true and correct copy via first class mail to the following party at the address indicated below:

BANK OF AMERICA, NATIONAL ASSOCIATION
BAC HOME LOANS SERVICING, LP
c/o Thomas Vecchio
Dilworth Paxson LLP
LibertyView
457 Haddonfield Road, Suite 700
Cherry Hill, NJ 08002

BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS
SERVICING, LP
BANK OF AMERICA, NATIONAL ASSOCIATION
CERTIFICATE HOLDERS, PARK PLACE SECURITIES, INC.
WELLS FARGO BANK, N.A.
c/o Kevin C. Rakowski
One Logan Square
Philadelphia, PA 19103

Date: __10__/__28__/__2011__     _____
Ian Jobe

SECOND AMENDED COMPLAINT                                      16

PLEASE PRESS FIRMLY

PLEASE PRESS FIRMLY

EP13F

EMS

U.S. POSTAGE
PAID
MOUNT POCONO,PA
18344
OCT 31 '11
AMOUNT
$18.30
00058335-04

RECEIVED
SCRANTON

OCT 31 2011

WAYNE T. BRESSLER, CLERK

DEPUTY CLERK

USPS packaging products have
earned Cradle to Cradle Certification
for their ecologically-intelligent design.
For more information go to
mbdc.com/usps

Please recycle.

UNITED STATES
POSTAL SERVICE

**EXPRESS**
**MAIL**

Flat Rate
Mailing Envelope
**For Domestic and International Use**

Visit us at usps.com

UNITED STATES POSTAL SERVICE®            Post Office1            1007

**DELIVERY (POSTAL USE ONLY)**

Delivery Attempt  Mo.  Day  Time  ☐ AM  ☐ PM    Employee Signature

Delivery Attempt  Mo.  Day  Time  ☐ AM  ☐ PM    Employee Signature

Delivery Date  Mo. 10 Day 31  Time  ☐ AM  ☐ PM    Employee Signature

**CUSTOMER USE ONLY**

☐ WAIVER OF SIGNATURE (Domestic Mail Only)
Additional merchandise insurance is void if
customer requests waiver of signature.
I wish delivery to be made without obtaining signature
of addressee or addressee's agent (if delivery employee
judges that article can be left in secure location) and I
authorize that delivery employee's signature constitutes
valid proof of delivery.

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

Mailer Signature

☐ NO DELIVERY   ☐ Weekend   ☐ Holiday

**TO: (PLEASE PRINT)**    PHONE (    )

THE CLERK OF THE
WILLIAM J NEALON FED BU
+ U.S. COURTHOUSE
235 N BOX 1148
WASHINGTON PA
ZIP + 4 (U.S. ADDRESSES ONLY)  1 8 5 0 1 + 1

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**EXPRESS**
**MAIL**

UNITED STATES POSTAL SERVICE

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code 18344

Day of Delivery  ☐ Next  ☒ 2nd Day

Date Accepted  Mo. 10  Day 31  Year 11

Flat Rate ☐ or Weight  lbs.  (-30)

Postage $ 18.30

Return Receipt Fee $

COD Fee $

Insurance Fee $

Total Postage & Fees $ 18.30

Scheduled Date of Delivery  Month  Day
☐ 3rd Day

Scheduled Time of Delivery  ☐ Noon  ☐ 3 PM

Time Accepted  ☐ AM  ☐ PM
1:00

Delivery Attempt  ☐ 2nd Day  ☐ 3rd Day

Int'l Alpha Country Code

Acceptance Emp. Initials

**FROM: (PLEASE PRINT)**    PHONE (    )

IAN JOBE
16 LAUREL LN
MOUNT POCONO, PA 18344

FOR PICKUP OR TRACKING
Visit www.usps.com
Call 1-800-222-1811

PRESS HARD. YOU ARE MAKING 3 COPIES.