# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IAN JOBE and<br>CATHERINE JOBE, | : | |
| | : | |
| **Plaintiffs** | : | CIVIL ACTION NO. 3:10-1710 |
| | : | |
| v. | : | (MANNION, D.J.)[1] |
| | : | (CARLSON, M.J.)[2] |
| **BANK OF AMERICA, N.A.,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

# MEMORANDUM[3]

Presently before the court is a report and recommendation issued by Judge Martin C. Carlson, (Doc. No. 38). Judge Carlson recommends that the motion to dismiss filed by Defendants Bank of America, N.A. and BAC Home

---

[1] This case was originally assigned to the Honorable A. Richard Caputo. Pursuant to the verbal order dated January 4, 2013, the case has been reassigned to the undersigned.

[2] The plaintiffs misidentify Judge Carlson as "Magistrate." The title magistrate no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). The plaintiffs are reminded to use the correct title, in the future, when referring to Judge Carlson.

[3] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Loan Servicing, L.P. (hereinafter the "BANA Defendants"),[4] (Doc. No. 29), be granted. Also before the court are the plaintiffs' objections to the report and recommendation, (Doc. No. 39), as well as defendants' response to the objections, (Doc. No. 41). After reviewing the report and recommendation and the objections, the court will adopt Judge Carlson's report and recommendation to the extent that it recommends that the action to quiet title be dismissed with respect to the BANA Defendants. In addition, the court will adopt Judge Carlson's recommendation that any claims arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692, *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601, *et seq.*, be dismissed in their entirety.

I. **BACKGROUND**

The underlying action stems from a dispute over ownership interests in a parcel of land. In particular, the parties dispute whether a particular mortgage obligation has been satisfied and whether the defendants' attempts to collect amounts they believe are owed violated the FDCPA.[5] On October

---

[4] The parties do not dispute that Bank of America, N.A. is the successor of BAC Home Loans Servicing, L.P. and are therefore properly considered together in relation to the instant matter.

[5] As Judge Carlson notes in his report and recommendation, the plaintiffs have previously brought unsuccessful actions in federal court

2

6, 2011, District Judge A. Richard Caputo entered an order dismissing the plaintiffs' original complaint but granting the plaintiffs leave to file an amended complaint. (Doc. No. 27). In their amended complaint, (Doc. No. 28), the plaintiffs expressly raise two causes of action. The first is an action to quiet title to the property against all named defendants. The second alleges various violations under the FDCPA against the BANA Defendants. In addition, the plaintiffs later argue that a third cause of action under RESPA is evident from the facts presented in their amended complaint. (Doc. No. 32 at 2).

On November 21, 2011, the BANA Defendants filed a motion to dismiss, (Doc. No. 29) and brief in support, (Doc. No. 30). The motion and brief argue that the plaintiffs have failed to properly plead their claims. With respect to the action to quiet title, the BANA defendants assert that the plaintiffs have admitted that the BANA Defendants do not hold the promissory note nor have any interest in the property and are therefore not proper parties to the action. With respect to the FDCPA claims, the BANA Defendants argue that the plaintiffs have failed to plead sufficient facts to establish that the BANA Defendants were acting as "debt collectors" under the statute.

On December 6, 2011, the plaintiffs' filed a brief in opposition, (Doc. No. 32). The brief generally refutes the arguments that the pleadings are

---

regarding ownership of the parcel of land in question and encumbrances upon it. *See Jobe v. Argent Mortgage Co., LLC*, 373 F. Appx. 260 (3d Cir. 2010).

3

insufficient, but also alleges that the motion to dismiss failed to address the plaintiff's RESPA claim, purportedly asserted in paragraphs 25-27 and 30-31 of the amended complaint. On December 12, 2011, the BANA Defendants file a reply brief, (Doc. No. 37), which argues in part that their motion to dismiss did not address any RESPA claims because the plaintiffs failed to state a RESPA claim.

On April 20, 2012, Judge Carlson issued his report and recommendation that the motion to dismiss be granted, (Doc. No. 38). On May 7, 2012, the plaintiffs filed their objections to the report and recommendation, (Doc. No. 39).[6] On June 15, 2012, the BANA Defendants filed a response to the plaintiffs' objections, (Doc. No. 41). As noted above, this case was transferred to the undersigned on January 4, 2013.

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. *See* 28 U.S.C. §636(b)(1); *Brown v.*

---

[6] On May 7, 2012, the plaintiffs also filed an affidavit by a purported expert on mortgage compliance and foreclosure. (Doc. No. 40). In reviewing a motion to dismiss, however, the court will only consider the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007).

4

*Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *See Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. §636(b)(1); Local Rule 72.31.

The defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F. 3d 744, 750 (3d Cir. 2005), and

dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds

of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 ( 3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached]

documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n,* 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, it is important to note that this court is required to liberally construe a *pro se* plaintiff's pleadings; "however inartfully pleaded," the "allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520(1972). In doing so, the court is to "apply the applicable law irrespective of whether a *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 687 (3d Cir. 2002). Nevertheless, a court need not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997).

### III.    DISCUSSION

Judge Carlson's report and recommendation addresses the three distinct causes of action alleged in the plaintiffs' amended complaint: the

action to quiet title and the FDCPA claims expressly asserted in the amended complaint as well as the RESPA claim the plaintiffs allege is properly pled within the complaint. The court will adopt Judge Carlson's report and recommendation dismissing each of the claims. The court will not, however, adopt Judge Carlson's ultimate recommendation that the case be closed, finding that the action to quiet title has not yet been resolved as to the remaining defendants to this action.

### *A. Action to Quiet Title*

The plaintiffs have clearly asserted that the BANA Defendants do not have any legal interest in their property and therefore cannot maintain an action to quiet title against the BANA Defendants. As Judge Carlson indicated, under [Pennsylvania Rule of Civil Procedure 1061(b)](#), an action to quiet title may be brought:

> (1) to compel an adverse party to commence an action of ejectment; (2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land; (3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; or (4) to obtain possession of land sold at a judicial or tax sale. [Pa.R.C.P. 1061](#).

In their amended complaint, the plaintiffs assert that "[d]efendants are not the owner or holder of any Promissory Note or Mortgage encumbering the Homestead." (Doc. No. [28](#) ¶ 24). Though that assertion addresses all

8

defendant's generally, the plaintiffs specifically reiterate that neither Bank of America, National Association nor BAC Home Loans Servicing, LP are the current owner of "any note encumbering the Homestead." (Doc. No. 28 ¶¶ 34-35).[7] In their objections, the plaintiffs do not controvert their assertion that the BANA Defendants hold no interest in land. Rather the plaintiffs claim that the BANA Defendants are in possession of "document[s], obligation[s] or deed[s] affecting any right, lien, title or interest in land," under Pa.R.C.P. 1061(b)(3). The plaintiffs, however, do not specify what documents they believe the defendants may have or how those documents might related to the property. In light of the fact that the plaintiffs' amended complaint clearly asserts that the BANA Defendants do not have any interest in the property, the bald assertion that they may possess unspecified documents related to the property is not sufficient to sustain their action to quiet title with respect to the

---

[7] The plaintiffs also indicate that Defendant Wells Fargo, N.A. (hereinafter "Wells Fargo") is not the current holder of any note encumbering the property. (Doc. No. 28 ¶ 33). The plaintiffs, however, cloud their assertion regarding Wells Fargo by stating that in a letter dated October 20, 2010, Wells Fargo claimed an interest over the property in the form of a loan which the plaintiff dispute. (Doc. No. 49). Moreover, the plaintiffs acknowledge and quote in their amended complaint a letter from Attorney Italiano, dated January 15, 2010, informing them that Wells Fargo is the current owner of the note on their property. (Doc. No. 28 ¶ 30).
Wells Fargo was not a party to the motion to dismiss on which Judge Carlson issued his report and recommendation, therefore the court need not resolve this conflicting account of Wells Fargo's possible ownership at this time.

BANA Defendants. Neither the plaintiffs' amended complaint nor their objections to the report and recommendation offer any legal support for the maintenance of an action to quiet title against a third party whose only purported connection to the a disputed property is possible possession of unspecified documents. The court is similarly unable to find any legal support for such a claim. As such, the court will adopt the report and recommendation to the extent it recommends dismissal of the action to quiet title against the BANA Defendants.

The court's determination that the plaintiffs have failed to plead their claim with respect to the BANA Defendants, however, does not necessarily effect the action to quiet title with respect to the other named defendants. The other defendants have not moved to dismiss the amended complaint and the court will decline to adopt Judge Carlson's recommendation that the action to quiet title be dismissed in its entirety, at this time.

### *B. FDCPA Claims*

Judge Carlson found that the plaintiffs failed to properly establish either that the BANA Defendants were "debt collectors" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692, *et seq.*, or that any debt existed. Therefore, Judge Carlson recommends that the FDCPA claims be dismissed against the BANA Defendants, the only defendants against whom FDCPA claims are alleged. The court agrees that the amended

complaint fails to establish a prima facie FDCPA claim.

As discussed above, the plaintiffs' amended complaint clearly asserts that the BANA Defendants are not creditors because they hold no interest in the property. (Doc. No. 28 ¶¶ 34-35). As Judge Carlson discussed, the FDCPA generally does not apply to mortgage servicers who merely perform administrative duties. *See Pollice v. Nat'l Tax Funding, LP*, 225 F.3d 379, 403 (3d Cir. 2000). The FDCPA does, however, impose obligations on those who act as debt collectors. 15 U.S.C. §1692(a)(6) defines a "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts....[S]uch term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. 15 U.S.C. §1692(a)(6).

The plaintiffs properly allege that the BANA Defendants used the mail to correspond with the plaintiffs regarding their alleged mortgage. (Doc. No. 28 ¶ 59). The plaintiffs, however, fail to plead in any discernable manner that the BANA Defendants' principal business purpose is to collect debts or that they regularly collect debts. As such, the plaintiffs fail to sufficiently establish that the BANA Defendants are debt collectors which is a predicate to any of their FDCPA claims.

The plaintiffs' pleading failure is the result of the contradictory nature of the amended complaint itself. At one point the plaintiffs plainly assert that the defendants "were acting as debt collectors." (Doc. No. 28 ¶ 53). In the objections to the report and recommendation, the plaintiff allege that this assertion is supported by the fact that the BANA Defendants' communicated with the plaintiffs on behalf of Wells Fargo. (Doc. No. 39 at 4-5). The plaintiffs allege that the third party relationship between the BANA Defendants and Wells Fargo demonstrates that the BANA Defendants were acting as debt collectors on behalf of Wells Fargo. The plaintiffs' internally inconsistent amended complaint, however, suggests alternate relationships between the defendants which critically undermines the veracity of any allegations that the BANA Defendants were necessarily acting as debt collectors. Crippled by contradiction regarding necessary facts, the amended complaint amounts to a collection of bald assertions that cannot support the plaintiffs' FDCPA claims.

Throughout their amended complaint the plaintiffs offer conflicting statements as to whether the BANA Defendants were servicing the alleged mortgage or collecting an alleged debt. At one point the plaintiffs assert that BAC did not start servicing the allege mortgage until June 22, 2010. (Doc. No. 28 ¶ 31). In their objections the plaintiffs argue that this was only included to show that BAC believed it was servicing the mortgage. Nevertheless, the

statement indicates that the BANA Defendants may have been acting as a mortgage servicer rather than as a debt collector. (Doc. No. 30 at 7). Similarly, the plaintiffs' amended complaint again references the possible servicer role assumed by the BANA Defendants when recounting that "Bank of America acquired Countrywide, the original servicer, in July 2008."[8] (Doc. No. 28 ¶ 57).

The plaintiffs then refute these statements by summarily stating that "[n]either [d]efendant is the servicer of any obligation encumbering the Homestead. BAC may be in the business of mortgage servicing, in general, but it was not in fact the servicer of any obligation encumbering the Homestead" (Doc. No. 28 ¶ 56). This lone conclusory assertion is entirely inconsistent with the above mentioned facts that indicated that BAC was servicing the mortgage rather than collecting a debt. However, even in contradicting other parts of the pleading, the statement acknowledges that "BAC may be in the business of mortgage servicing." (Id.).

The court is required to liberally construe the plaintiffs' *pro se* complaint

---

[8]This statement appears to be offered to suggest a time line in which the BANA Defendants acquired the alleged mortgage after it was in default. A service may be liable under the FDCPA if it began servicing an obligation after it has gone into default. *See Conklin v. Purcell, Krug & Haller,* 2007 WL 404047, *5 (M.D.Pa. Feb 1, 2007). The plaintiffs, however, repeatedly assert that they never defaulted on their mortgage. (Doc. No. 28 ¶¶ 32-35, 55, 80). Though it is yet another example of the plaintiffs inconsistent statements of fact, the court need not reach the issue of whether there was a default because it finds that the plaintiffs have failed to sufficiently plead that the BANA Defendants were debt collectors under the FDCPA.

13

and take all facts asserted in the amended complaint as true in evaluating a motion to dismiss. Nevertheless, the court is simply unable to read the directly conflicting facts offered by the plaintiffs as an affirmative allegation the BANA Defendants were debt collectors. To be sure, it is not the plaintiffs' burden to establish whether the defendants were or were not mortgage servicers. The plaintiffs, must however plead sufficient facts that the BANA Defendants were persons who engaged in "business the principal purpose of which is the collection of any debts, or who regularly collect[ed] or attempt[ed] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692(a)(6). The plaintiffs' contradictory statements do not allow for any conclusions to be drawn about the BANA Defendants' business or any regular activities. This factual confusion about the nature of the BANA Defendants role in the collection of payment completely undermines the minimal support offered by the plaintiffs to support their conclusory statement that the BANA Defendants must be considered debt collectors because of their third party relationship to the mortgage. Under *Twombly*, the bald assertion that remains cannot support a finding that the BANA Defendants were debt collectors to which the FDCPA applies. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) Therefore, the court will adopt the report and recommendation that the plaintiffs' FDCPA claims be dismissed.

### *C. RESPA Claims*

In their brief in opposition to the BANA Defendants' motion to dismiss, (Doc. No. 32), the plaintiffs allege that the defendants failed to recognize and respond to the claims properly raised under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601, *et seq.*, in paragraphs 25-27 and 30-31 of the amended complaint. Judge Carlson found that neither these paragraphs nor the amended complaint as a whole adequately states a RESPA claim. This court agrees and will dismiss the RESPA claims in their entirety.

The paragraphs the plaintiffs indicated contain their RESPA claim relate to a letter sent by Ms. Jobe to which the BANA Defendants did not respond. (Doc. No. 28 ¶¶ 25-31). As Judge Carlson explained, 12 U.S.C. §2605(e) imposes a duty on loan servicers to respond to borrower inquiries in a timely fashion. To the extent the plaintiffs claim a violation of RESPA based on the facts contained in the referenced paragraphs, such a claim would be properly brought under 12 U.S.C. §2605(e). RESPA defines a servicer as " the person responsible for servicing of a loan" and the servicing of a loan as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be

15

required pursuant to the terms of the loan." 12 U.S.C. §§2605(i)(2)-(3). As discussed above, the plaintiffs' contradictory amended complaint fails to clearly plead the relationship between the BANA Defendants, the mortgage and the plaintiffs. The same internal confusion that prevented the court from finding an adequate pleading that the BANA Defendants were debt collectors under the FDCPA now prevents the court from finding that the BANA Defendants are servicers under RESPA. In attempting to preserve claims under each of the statutes the plaintiffs have pled themselves out of both.

In addition, as Judge Carlson further discussed, a breach of RESPA duties alone is not sufficient to state a claim, a party must also allege damages. *See* *Hutchinson v. Delaware Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006); *see also* *Cortez v. Keystone Bank*, No. 98-2457, 2000 WL 536666, *12 (E.D.Pa. May 2, 2000). 12 U.S.C. §2605(f) addresses damages and costs for breaches of RESPA and defines the available damages as: "(A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000." 12 U.S.C. §2605(f). In *Cortez*, the United States District Court for the Eastern District of Pennsylvania, explained that "actual damages encompass compensation for any pecuniary loss including such things as time spent away from employment while preparing correspondence

16

to the loan servicer, and expenses for preparing, photocopying and obtaining certified copies of correspondence." *Cortez*, 2000 WL 536666, *12.

The plaintiffs' amended complaint does not allege any actual damages attributable to the alleged breach of the defendants' duty to respond under RESPA. The plaintiffs lone assertion of damages under RESPA comes in their prayer for relief which requests "all remedies set forth in 12 U.S.C. §2607." In their objections to the report and recommendation, the plaintiffs claim that their amended complaint shows that they where "damaged by wrongful collection efforts" and "by being unable to identify what, if anything, is owed to whom, if anyone." These broad allegations of damages, however, are not adequate to establish the type of specific actual damages outlined in *Cortez*. In addition, the plaintiffs have made no allegations of a pattern or practice of noncompliance to warrant damages under §2605(f)(1)(B).

Therefore, even if the court construes the *pro se* complaint in a liberal manner in an effort to draw out an implied RESPA claim, any such claim must be dismissed because the complaint fails to plead that the BANA Defendants are servicers to which the RESPA applies and contains no allegations of actual damages resulting from the alleged RESPA violations. As such, the court will adopt the report and recommendation to the extent it recommends dismissal of the purported RESPA claims in their entirety.

## IV. CONCLUSION

Finding that the BANA Defendants have no ownership interest in the property in dispute, the court will dismiss the action to quiet title with respect to the BANA Defendants. This dismissal, however, does not affect the action to quiet title with respect to the non-moving defendants. Finding that the plaintiffs' amended complaint fails to properly plead necessary elements of the respective causes of action, the court will dismiss the FDCPA and RESPA claims in their entirety. An appropriate order will follow.

*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: April 5, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2010 MEMORANDA\10-1710-01.wpd